Peter A. Quinn, J.
Petitioners in this article 78 proceeding seek a judgment reversing respondent’s determination which terminated their tenancy in Grant Houses. Respondent cross-moves to dismiss the petition for failure to state facts constituting a cause of action entitling movants to any form of relief.
The termination of movants’ tenancy on the ground of non-desirability is based on the following circumstances. One of the *894 movants’ five children, a son, 17 years of age assaulted another tenant of a different housing project. At the same time he resisted arrest by a New York City Policeman. As a result of the above he was indicted for assault in the first degree, assault in the second degree, possession of a dangerous weapon, resisting arrest and criminal trespass in the third degree. He thereafter pleaded guilty to attempted assault in the second degree to cover the indictment and is presently in a reformatory.
The purpose of the New York City Housing Authority is to provide decent, safe and sanitary housing at low rentals for persons of low income. The Housing Authority under its rule-making power has established standards of desirability to be used to determine the continued eligibility for continued occupancy of tenants. An examination of the standards of desirability indicate that they are reasonable and necessary to provide decent, safe and sanitary housing.
On or about February 21, 1973 petitioners were sent a letter containing the specification of charges involving the incident hereinbefore described, A hearing was held on March 9, 1973 pursuant to the standards set forth in the consent decree in the case of Escalera v. New York City Housing Auth. (425 F. 2d 853, cert. den. 400 U. S. 853). Petitioners were present at the hearing and were represented by counsel. On March 19, 1973 the Hearing Officer sustained the charge against petitioners and recommended termination of their tenancy. Thereafter on March 29, 1973 petitioners took an administrative appeal to the members of the authority. The members determined that petitioners were ineligible for continued occupancy.
It is clear to this court that the acts of petitioner’s son were ‘ ‘ a detriment to the health, safety or morals of the tenants neighbors, or the community ” and that such act is “ an adverse influence upon sound family and community life ’ ’ and 11 a source of danger to the peaceful occupation of other tenants, ’ ’
In view of the fact that the nondesirability standards apply to tenants or any member of his family the authority’s determination was not arbitrary, capricious or contrary to law.
Lastly petitioners ’ contention that they should receive a new hearing and separate findings of fact from the members of the authority on their appeal is without merit. Petitioners having had a full adversary hearing before the Hearing Officer are not entitled to another full hearing. £ £ Due process does not, of course, require two hearings.” (Goldberg v. Kelly, 397 U. S. 254, 267, n. 14.)
*895 In view of the fact that the authority had a rational basis for its determination this court will not substitute its judgment for that of the authority.
Accordingly, the application is denied* the cross motion granted and the petition is dismissed.